UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DALIBORKA SAVOV and DANILO
SAVOV,

    Plaintiffs

v.

213 S OCEAN, LLC, a Florida limited liability company d/b/a SEA COVE MOTEL; THE DANIEL BOUTIQUE, LLC, a Florida limited liability company d/b/a DOLPHIN HARBOR INN; 4605 N OCEAN DR, LLC, a Florida limited liability company; 53 VICTORIA PARK, LLC, a Florida limited liability company; 4051 N OCEAN, LLC, a Florida limited liability company; MICHAEL REALTY, LLC, a Florida limited liability company; and MICHAEL DANIEL, an individual,

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED**

    Plaintiffs, DALIBORKA SAVOV and DANILO SAVOV, by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, 213 S OCEAN, LLC, a Florida limited liability company d/b/a SEA COVE MOTEL (hereinafter "SEA COVE"); THE DANIEL BOUTIQUE, LLC, a Florida limited liability company d/b/a DOLPHIN HARBOR INN (hereinafter "DOLPHIN"); 4605 N OCEAN DR, LLC, a Florida limited liability company; 53 VICTORIA PARK, LLC, a Florida limited liability company; 4051 N OCEAN, LLC, a Florida limited liability company; MICHAEL REALTY, LLC, a Florida limited liability company; and MICHAEL DANIEL, an individual, (collectively, "the Defendants"), and state as follows:

1

## INTRODUCTION

1. This is an action by both Plaintiffs to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, §24 of the Florida Constitution. Plaintiff, DALIBORKA SAVOV, also brings a claim for unpaid overtime under the FLSA.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendants operated as a single, unified enterprise engaged in the real estate and lodging business.

4. SEA COVE, DOLPHIN, 4605 N OCEAN DR, LLC, 53 VICTORIA PARK, LLC, 4051 N OCEAN, LLC, MICHAEL REALTY, LLC were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, SEA COVE, DOLPHIN, 4605 N OCEAN DR, LLC, 53 VICTORIA PARK, LLC, 4051 N OCEAN, LLC, MICHAEL REALTY, LLC regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. The Defendants operated motels and apartment buildings at different locations, all of which operated as a single unified business enterprise.

6. Plaintiff's work at these motels/apartments involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies,

telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of motels and apartments. These materials were manufactured outside the State of Florida.

7. During the relevant time period, the Defendants employed at least two other individual besides the Plaintiffs who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials also included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel unit/apartment rentals—and, were manufactured outside the State of Florida.

8. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

9. In addition to the foregoing, DALIBORKA SAVOV is entitled to the protections of the FLSA as she was "individually covered" by that statute. During her employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone, email, internet, web sites, mail, fax) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to motel guests residing out-of-state. In addition, on a regular and recurrent basis, Plaintiff processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the State of Florida.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff, DALIBORKA SAVOV was a resident of Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, Plaintiff, DANILO SAVOV was a resident of Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

15. At all times material hereto, the Defendants were conducting business in Broward County, Florida.

16. At all times material hereto, the seven Defendants were the employers of the Plaintiff, DALIBORKA SAVOV.

17. At all times material hereto, Defendants SEA COVE and MICHAEL DANIEL were the employers of the Plaintiff, DANILO SAVOV.

18. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

19. At all times material hereto, Defendants failed to pay Plaintiffs wages in conformance with the FLSA.

20. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

21. At all times material hereto, corporate Defendants, SEA COVE, DOLPHIN, 4605 N OCEAN DR, LLC, 53 VICTORIA PARK, LLC, 4051 N OCEAN, LLC, MICHAEL REALTY, LLC were each "enterprise[s] engaged in commerce" within the meaning of the FLSA.

22. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

23. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

24. From about July 1, 2016 to about March 24, the Plaintiff, DALIBORKA SAVOV was employed by the Defendants to provide a variety of services related to the Defendants' operation of motels and apartments, including but not limited to cleaning, housekeeping, maintenance, and customer service.

25. From about July 1, 2016 to about March 24, the Plaintiff, DANILO SAVOV was employed by the Defendants SEA COVE and MICHAEL DANIEL to provide a variety of services related to those Defendants' operation of a the SEA COVE motel, including but not limited to maintenance, repair work, and customer service.

26. The Defendants' motel, SEA COVE is frequently visited by out-of-state residents. Because Plaintiff, DALIBORKA SAVOV frequently worked in the SEA COVE office, or had motel calls forwarded to her cellular phone, the Plaintiff frequently would speak to motel guests (or prospective guests) who were outside the State of Florida, regarding motel business.

27. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements, with respect to the Plaintiffs' employment.

28. The Defendants paid Plaintiff, DALIBORKA SAVOV $1,500.00 *per month*.

29. SEA COVE and MICHAEL DANIEL failed to pay DANILO SAVOV any wages for his work.

30. Plaintiff, DALIBORKA SAVOV generally worked about 7 days per week, at least 14 hours per day (about 98 hours per week). Because Plaintiff was effectively paid about $350.00 per week, she was effectively paid by Defendants about $3.57 per hour ($350 / 98 hours = $3.57).

31. Plaintiff, DANILO SAVOV, was not paid any wages for the work he performed for SEA COVE and MICHAEL DANIEL.

32. During their employment, the Plaintiffs stayed in a room at SEA COVE so they could respond to motel guest issues at all times of day/night.

33. During Plaintiff, DALIBORKA SAVOV's employment, the Defendants failed to pay her at or above the applicable minimum wage for her hours worked.

34. During Plaintiff, DANILO SAVOV's employment, Defendants SEA COVE and MICHAEL DANIEL failed to pay him at or above the applicable minimum wage for his hours worked.

35. Even though, Plaintiff, DALIBORKA SAVOV worked in excess of forty hours per week, Defendants failed to pay her at the rate of time-and-one-half times the applicable minimum wage.

36. Defendant MICHAEL DANIEL was a supervisor and manager/owner who was involved in the day-to-day operations of the limited liability company Defendants, and was directly responsible for the supervision of Plaintiffs  Therefore, he is personally liable for the FLSA and FMWA violations.

37. Defendant MICHAEL DANIEL was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, DALIBORKA SAVOV.

38. Defendant MICHAEL DANIEL was directly involved in SEA COVE's decision to not pay any wages to DANILO SAVOV.

39. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services

## STATEMENT OF CLAIM:

## COUNT I

## (BY DALIBORKA SAVOV AGAINST ALL DEFENDANTS)

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

40. Plaintiff DALIBORKA SAVOV realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff, DALIBORKA SAVOV's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

42. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

43. During Plaintiff, DALIBORKA SAVOV's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

44. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

45. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

### (BY DALIBORKA SAVOV AGAINST ALL DEFENDANTS)

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

46. Plaintiff, DALIBORKA SAVOV, realleges Paragraphs 1 through 39 as if fully stated herein.

47. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff, DALIBORKA SAVOV, at least the applicable Florida minimum wage.

48. During Plaintiff, DALIBORKA SAVOV's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

49. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff DALIBORKA SAVOV respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing in the amount calculated above;

    c.    Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation; and,

    g.    Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### (BY DALIBORKA SAVOV AGAINST ALL DEFENDANTS)

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

50. Plaintiff, DALIBORKA SAVOV realleges Paragraphs 1 through 39 as if fully stated herein.

51. Since Plaintiff, DALIBORKA SAVOV's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

52. Plaintiff DALIBORKA SAVOV was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

53. Defendants failed to pay DALIBORKA SAVOV overtime compensation in the lawful amount for hours worked by her in excess of the maximum hours provided for in the FLSA.

54. As set forth above, the Plaintiff, DALIBORKA SAVOV worked about 58 hours of *overtime* (hours in excess of 40) per week throughout her employment.

55. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, DALIBORKA SAVOV, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise DALIBORKA SAVOV of her rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, DALIBORKA SAVOV, is entitled to liquidated damages pursuant to the FLSA.

57. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff, DALIBORKA SAVOV has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, DALIBORKA SAVOV, respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($15,347.75);

c. Awarding Plaintiff liquidated damages;

  d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e.  Awarding Plaintiff post-judgment interest; and

  f.  Ordering any other and further relief this Court deems to be just.

**COUNT IV**

**(BY *DANILO SAVOV* AGAINST SEA COVE and MICHAEL DANIEL)**

**<u>VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)</u>**

58. Plaintiff DANILO SAVOV realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

59. Plaintiff, DANILO SAVOV's employment with Defendants SEA COVE and MICHAEL DANIEL was to consist of a normal workweek for which he should have been to be compensated at or above the FLSA minimum wage.

60. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

61. During Plaintiff, DANILO SAVOV's employment with SEA COVE and MICHAEL DANIEL, Defendants paid him no wages. He, therefore, did not receive the applicable minimum wage for his work hours.

62. Defendants SEA COVE and MICHAEL DANIEL acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff DANILO SAVOV.

63. As a direct and proximate result of SEA COVE and MICHAEL DANIEL's willful violation of the FLSA, DANILO SAVOV is entitled to liquidated damages pursuant to the FLSA.

  WHEREFORE, Plaintiff respectfully requests:

  a.  judgment in his favor for all unpaid minimum wages due;

    b.    liquidated damages;

    c.    attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interest; and

    e.    all other and further relief this Court deems to be just and proper.

## COUNT V

### (BY *DANILO SAVOV* AGAINST SEA COVE and MICHAEL DANIEL)

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

64. Plaintiff, DANILO SAVOV, realleges Paragraphs 1 through 39 as if fully stated herein.

65. Pursuant to Article X, Section 24 of the Florida Constitution, SEA COVE and MICHAEL DANIEL were required to pay Plaintiff, DANILO SAVOV, at least the applicable Florida minimum wage.

66. During Plaintiff, DANILO SAVOV's employment, Defendants SEA COVE and MICHAEL DANIEL paid him less than the statutory minimum wage for all of his work hours.

67. SEA COVE and MICHAEL DANIEL acted willfully and maliciously in paying Plaintiff DANILO SAVOV below the minimum wage.

WHEREFORE, Plaintiff DANILO SAVOV respectfully requests that judgment be entered in his favor against the Defendants, MICHAEL DANIEL and SEA COVE:

    a.    Declaring that Defendants MICHAEL DANIEL and SEA COVE violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding DANILO SAVOV all back wages due and owing in the amount calculated above;

    c.      Awarding DANILO SAVOV liquidated damages in the amount equal to her back wages;

    d.      Awarding DANILO SAVOV reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.      Awarding DANILO SAVOV prejudgment and post-judgment interest;

    f.      Finding that Defendants MICHAEL DANIEL and SEA COVE willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation; and,

    g.      Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  April 27, 2020.

                                                Respectfully submitted,

                                                BOBER & BOBER, P.A.
                                                Attorneys for Plaintiff
                                                2699 Stirling Road
                                                Suite A-304
                                                Hollywood, FL 33312
                                                Phone: (954) 922-2298
                                                Fax: (954) 922-5455
                                                peter@boberlaw.com
                                                samara@boberlaw.com

                                          By:    <u>s/.  Peter Bober</u>
                                                        PETER BOBER
                                                        FBN:  0122955
                                                       SAMARA ROBBINS BOBER
                                                       FBN: 0156248