**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-60867-SINGHAAL/VALLE**

DALIBORKA SAVOV and
DANILO SAVOV,
                    Plaintiffs,

vs.

213 S. OCEAN, LLC, d/b/a SEA COVE
MOTEL; THE DANIEL BOUTIQUE, LLC,
d/b/a DOLPHN HARBOR INN, *et al.,*
                    Defendants.
_____/

## DEFENDANTS, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL, THE DANIEL BOUTIQUE, LLC. *et al's,* ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; THE DANIEL

BOUTIQUE, LLC, d/b/a DOLPHN HARBOR INN, 4605 N. OCEAN DRIVE, LLC, VICTORIA

PARK, LLC, 4051 N. OCEAN, LLC, MICHAEL REALTY,LLC and MICHAEL DANIEL,

Individually, by their undersigned counsel, hereby file their Answer, Affirmative Defenses, and

the Counterclaim, filed by 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; pursuant to Rule 13

(a)(A) (1) of the Federal Rules of Civil Procedure, and in support hereof, the Defendants state as

follows:

## I.
## INTRODUCTION

1.  Defendants deny the allegations contained in Paragraph 1 of the Complaint.

1

## II.
## JURISDICTION

2.  The allegations contained in Paragraph 2 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

3.  The Defendants admit that they are engaged in the real estate, apartment, and lodging business; but the remaining allegations contained in Paragraph 3 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

4.  The allegations contained in Paragraph 4 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

5.  The Defendants admit that they operated motels and apartment buildings at various locations; but the remaining allegations contained in Paragraph 5 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

6.  The Defendants admit that Plaintiff, Daliborka Savov, worked at their motels/apartment locations, handling certain materials, furthermore, Defendants deny that Plaintiff, Danilo Savov, was employed by them, in any capacity; and the remaining allegations contained in Paragraph 5 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

7.  The Defendants admit that they employed at least two other individuals, however, Defendants deny that Plaintiff, Danilo Savov, was employed by them, in any capacity; but the remaining allegations contained in Paragraph 5 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

8.  The Defendants deny that Plaintiff, Danilo Savov, was employed by them, in any capacity; however, the Defendants admit that their annual gross receipts, from their business operations, from their real estate businesses, totaled in excess of $500,000.00 per year.

9.  The Defendants deny that Plaintiff, Daliborka Savov, is a covered employee, under the Fair Labor Standards Act, they maintain that, based upon her job duties, she is subject to an exemption under the Executive and or Administrative Employee Exemption; the remaining allegations call for legal conclusions and therefore, these allegations are denied.

10. The Defendants admit that they engage in business activity in the Southern District of Florida, but the remaining allegations contained in Paragraph 10 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

11. The Defendants admit that they engage in business activity in the Southern District of Florida, but the remaining allegations contained in Paragraph 11 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

### III.
### VENUE

12. (a) The Defendants deny the allegations contained in Paragraph 12 (a) of the Complaint; (b) The Defendants admit that they do business within this judicial district.

### IV.
### PARTIES

13. The Defendants admit that Plaintiff, Daliborka Savov, was employed in their businesses; they deny that she was a covered employee under the Fair Labor Standards Act; and Defendants are

without knowledge of the remaining allegations of Paragraph 13 of the Complaint, and therefore, these allegations are denied.

14. The Defendants deny that Plaintiff, Danilo Savov, was employed by them, in any capacity; and therefore, the protections of the FLSA are not applicable to him, and Defendants are without knowledge of the remaining allegations of Paragraph 14 of the Complaint, and therefore, these allegations are denied.

15. The Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. The Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.  The Defendants deny the allegations contained in Paragraph 17 of the Complaint; Plaintiff, Danilo Savov, was never employed by the Defendants, in any capacity.

18. The Defendants admit that they employed Plaintiff, Daliborka Savov, in their business, but they deny any liability, with respect to Plaintiff, Daliborka Savov, regarding the applicability of the FLSA; and or the Florida Minimum Wage Act; moreover, Defendants deny that they employed Plaintiff, Danilo Savov, in any capacity; and hence, they have no liability to the Plaintiff, Danilo Savov, under either the FLSA and or the Florida Minimum Wage Act.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

22. The Defendants admit that Plaintiff, Daliborka Savov, was employed in their business; they specifically deny that Plaintiff, Danilo Savov, was employed by them in any capacity; and the

4

remaining allegations in Paragraph 22 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

## V.
## STATEMENT OF FACTS

24. The Defendants admit that they employed Plaintiff, Daliborka Savov, in their businesses; they further admit that she performed certain job functions, however, they assert that Plaintiff, Daliborka Savov, was exempt from the purview of the FLSA, under the Executive and or Administrative Exemptions.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are admitted.

27. The allegations contained in Paragraph 27 of the Complaint are admitted.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. Plaintiff, Danilo Savov, was not paid any compensation by the Defendants, because he was never employed by the Defendants, in any capacity

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. Plaintiff, Danilo Savov, was not paid any compensation by the Defendants, because he was never employed by the Defendants, in any capacity

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. Plaintiff, Danilo Savov, was not paid any compensation by the Defendants, because he was never employed by the Defendants, in any capacity

35. The Defendants deny that Plaintiff, Daliborka Savov, worked in excess of forty hours per week, in any one work week; and therefore, the allegations contained in Paragraph 35 of the Complaint are denied.

36. The Defendants admit that Michael Daniel is the manager/owner of the subject businesses; but the remaining allegations of Paragraph 36 of the Complaint call for a legal conclusion; and therefore, these allegations are denied.

37. The allegations contained in Paragraph 37 of the Complaint are admitted.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

39. The Defendants are without knowledge of the allegations contained in Paragraph 39 of the Complaint; and therefore, these allegations are denied.

## STATEMENT OF CLAIM

## COUNT I

### (By Daliborka Savov Against All Defendants)

### Alleged Violation of 29 U.S.C. Section 206 (Unpaid Minimum Wages)

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint call for legal conclusions; and therefore, these allegations are denied; however, the Defendants have no liability herein, for the alleged failure to pay minimum wages.

42. The allegations contained in Paragraph 42 of the Complaint call for legal conclusions; and therefore, these allegations are denied.

43. The allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

## COUNT II

### (By Daliborka Savov Against All Defendants)

### Alleged Violation of Article X, Section 24, of the Florida Constitution

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint call for legal conclusions; and therefore, these allegations are denied; however, the Defendants have no liability herein, for the alleged failure to pay minimum wages.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

## COUNT III

### (By Daliborka Savov Against All Defendants)

### Alleged Violation of 29 U.S.C. Section 207 (Unpaid Overtime)

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

56. The allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied.

## COUNT IV

### (By Danilo Savov Against Sea Cove and Michael Daniel)

### Alleged Violation of 29 U.S.C. Section 206 (Unpaid Minimum Wages)

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. The allegations contained in Paragraph 59 of the Complaint are denied.

60. The allegations of Paragraph 60 of the Complaint call for a legal conclusion and therefore these allegations are denied.

61. Plaintiff, Danilo Savov, was not paid any compensation by the Defendants, because he was not employed by the Defendants in any capacity.

62. The allegations of Paragraph 62 of the Complaint are denied.

63. The allegations of Paragraph 63 of the Complaint are denied.

## COUNT V

### (By Danilo Savov Against Sea Cove and Michael Daniel)

### Alleged Violation of Article X, Section 24, Florida Constitution

64. The allegations contained in Paragraph 64 of the Complaint are denied.

65. Plaintiff, Danilo Savov, was not paid any compensation by the Defendants, because he was not employed by the Defendants in any capacity; the remaining allegations of Paragraph 65 call for a legal conclusion and therefore, these allegations are denied.

66. Plaintiff, Danilo Savov, was not paid any compensation by the Defendants, because he was not employed by the Defendants in any capacity; the remaining allegations of Paragraph 66 call for a legal conclusion and therefore, these allegations are denied.

67. The allegations contained in Paragraph 67 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

**I.**

Plaintiff, Daliborka Savov's, purported wage claims are barred, at least in part, by the applicable statute of limitations

.

**II.**

At all material times herein, the Defendants did not act willfully or in bad faith.

**III.**

Plaintiff, Danilo Savov, has no viable legal claim, under any possible applicable wage compensation theory, for minimum wages, since the Defendants never employed him in their businesses, in any capacity.

**IV.**

Plaintiff, Daliborka Savov, was duly paid, well in excess of the applicable minimum wage rate, by the Defendants; and hence, Plaintiff has no viable legal claim, under any minimum wage theory.

**V**.

Plaintiff, Daliborka Savov, did not work in excess of forty (40) hours per week, in any particular

work week, during the tenure of her employment with the Defendants.

**VI.**

Plaintiff, Daliborka Savov, did not fall within the purview or the protections of the Fair Labor

Standards Act, since based upon her job functions, since she is exempt under the Executive and

or Administrative Exemptions, applicable under the statute.

**VII**.

Plaintiff, Daliborka Savov, was not primarily employed as part of a joint, or integrated business

enterprise; her work for 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL, did not trigger

enterprise liability, since that component of the business did not have annual gross receipts in

excess of $500,000.00 and further, there is no individual liability, since Plaintiff did not

undertake the use of an instrumentality of interstate commerce during the tenure of her

employment.

## **COUNTERCLAIM**

Defendant, Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL, pursuant

to Federal Rule of Civil Procedure, 13 (a)(10(A) hereby brings this Counterclaim, against Plaintiff-

Counter-Defendant, Daliborka Savov, and Defendant, Counter-Plaintiff, 213 S. OCEAN, LLC,

d/b/a SEA COVE MOTEL, alleges as follows:

## **I.**
## **PARTIES**

1. During the two-year period, leading up to, and including March 24, 2020, Plaintiff-
   Counter-Defendant, Daliborka Savov, on information and belief, resided in Broward

10

County, Florida; she was employed in a managerial capacity, for Defendants-Counter-Plaintiffs' business operations, whereby she would supervise at least two other employees, she would maintain guest records for use in supervision and or control, she would make recommendations in the hiring and termination of employees; and in addition, she would perform administrative functions in various capacities, including, but limited to, accounting, record keeping and marketing.

2. At all times material herein, during the two year period, leading up to, and including March 24, 2020, Defendants, Counter-Plaintiffs, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; was doing business in Broward County, Florida and operating an apartment/lodging and real estate business in Broward County, Florida, employed the Plaintiff-Counter Defendant, Daliborka Savov, in a managerial and administrative capacity, in the operation of its real estate business in Ft. Lauderdale, Broward County, Florida.

## II.
## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this counterclaim, the Defendants-Counter-Plaintiffs' state law claims, under its supplemental jurisdiction, pursuant to 28 U.S.C. Section 1367.

4. The Court further has subject matter jurisdiction over this counterclaim, the Defendants-Counter-Plaintiffs' state law claims, since the Counterclaim constitutes a compulsory counterclaim, under Federal Rule of Civil Procedure 13 (a)(1)(A).

11

5. At all material times herein, Plaintiff-Counter Defendant, Daliborka Savov, was an employee of the Defendants-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; within the Southern District of Florida.

6. Therefore, venue in proper in the Southern District of Florida, pursuant 28 U.S.C. Section 1391.

### III.
### FACTS

7. Plaintiff-Counter Defendant, Daliborka Savov, was responsible for managing the finances and collecting guest payments, which were due, with the regard to various properties, owned and operated by the Defendants-Counter Plaintiffs.

8. According to an internal investigation conducted by the Defendants-Counter-Plaintiffs' General Manager, Maria Alberti, for the property legally known as 213 S. Ocean, LLC, d/b/a the Seacove Motel, Plaintiff-Counter-Defendant, Daliborka Savov, committed the following actionable and predicate acts of misconduct:

   (a) With regard to Unit No. 3, Guest Name, Eliza Lisiecka, receipts from January 26—February 26, 2020; and from February 26—March 26, 2020, indicate that the guest paid a total of $3,000.00, to Plaintiff-Counter-Defendant, Daliborka Savov, however, the Defendants-Counter-Plaintiffs never received the guest payments for the applicable hotel stay;

   (b) With regard to Unit No. 5, Guest Name, Denisa Ducharke, the guest indicated that Plaintiff-Counter-Defendant, Daliborka Savov, gave certain unauthorized rent credits;

the business records indicate that the business received revenue of $4,270.71; however, total charges for this guest amounted to $9,237.00, resulting in a revenue shortfall of $4,966.29, for the businesses;

(c) With regard to Unit No. 6, Guest Name, Jimi Alvarez, the guest indicated that he provided payment receipts for his stay, to Plaintiff-Counter-Defendant, Daliborka Savov, the sales receipts indicate guest payments of $5,888.00; however, the business only received a total of $300.00 in cash for the stay of this guest, resulting in a revenue shortfall of $5,388, for the businesses;

(d) With regard to Unit 16, Guest Name, Shawn Richardson, his stay began on November 1, 2019, and continued until the end of March, 2020, the guest indicated that for the month of March, he paid the Plaintiff, Counter-Defendant, Daliborka Savov, $450 per week in cash for his stay at the property; the Defendants, Counter-Plaintiffs did not receive the total $1800 monthly payment for March of 2020, to the financial detriment of the business.

9. Plaintiff-Counter Defendant, Daliborka Savov, was responsible for remitting guest rent payments to the business, for the guests' respective stays at for the Defendants-Counter-Plaintiffs' property, legally known as 213 S. Ocean, LLC, d/b/a the Seacove Motel, but she failed to do so.

13

## COUNT I
### (CIVIL THEFT, AGAINST PLAINTIFF-COUNTER DEFENDANT, DALIBORKA SAVOV)

10. Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; restates and re-avers the allegations contained in Paragraphs 1—9 of the Counterclaim, as if fully set forth herein.

11. Plaintiff, Counter-Defendant, Daliborka Savov, knowingly obtained or endeavored to obtain for her use, the property of the Defendants-Counter-Plaintiffs, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; with the intent to either temporarily or permanently deprive that entity, of its right to the property, or to benefit from the property, or to appropriate the property, for the Plaintiff-Counter-Defendant's own use, or to appropriate the property, for the use of another person, who is not entitled to use the property.

12. Plaintiff, Counter-Defendant, Daliborka Savov, knowingly obtained, or endeavored to obtain, for her use, the property of the Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; as more fully set forth and explained in Paragraphs 8 (a)—8 (d) above.

13. By proof of clear and convincing evidence of the civil theft, the Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; is entitled to threefold of actual damages sustained.

14. The Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; have retained undersigned counsel, Mark J. Berkowitz, P.A., for the prosecution of this counterclaim; and counsel is entitled to the recovery of reasonable attorney's fees.

**WHEREFORE**, the Defendant-Counter Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL, respectfully requests that the Court enter judgment, against the Plaintiff Counter-Defendant, DALIBORKA SAVOV, and order the following relief:

(A)  Recovery of misappropriated funds of the Defendants-Counter Plaintiffs' businesses, against the Plaintiff-Counter Defendant, DALIBORKA SAVOV, under the theory of civil theft, pursuant to *Fla. Stat*. Section 77211 (1);

(B) Recovery of treble damages; and

(C) Reimbursement for reasonable attorney's fees and costs.

**COUNT II**
**(CONVERSION, AGAINST PLAINTIFF-COUNTER DEFENDANT, DALIBORKA SAVOV)**

15.  Defendants-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; restate and re-aver the allegations contained in Paragraphs 1—9 of the Counterclaim, as if fully set forth herein.

16. Plaintiff, Counter-Defendant, Daliborka Savov, committed an act of dominion, which was wrongfully asserted over the payment of funds for client rentals, which rightfully belonged to the Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL;, as more fully set forth and explained in Paragraphs 8 (a)—8 (d) above.

17. Plaintiff, Counter-Defendant, Daliborka Savov, committed an act of dominion, over another's property, namely, the property of the Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; as more fully set forth and explained in Paragraphs 8 (a)—8 (d) above.

18. Plaintiff, Counter-Defendant, Daliborka Savov, committed an act of dominion, over another's property, namely, the property of the Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL;, which was wholly inconsistent with any possible ownership interest, as more fully set forth and explained in Paragraphs 8 (a)—8 (d) above.

19. The Defendant-Counter-Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL; has retained undersigned counsel, Mark J. Berkowitz, P.A., for the prosecution of this counterclaim; and counsel is entitled to the recovery of reasonable attorney's fees.

**WHEREFORE**, the Defendant-Counter Plaintiff, 213 S. OCEAN, LLC, d/b/a SEA COVE MOTEL, respectfully request that the Court enter judgment against the Plaintiff Counter-Defendant, DALIBORKA SAVOV, and order the following relief:

    (A) Recovery of misappropriated funds of the Defendants-Counter Plaintiffs' businesses, against the Plaintiff-Counter Defendant, DALIBORKA SAVOV, under the theory of conversion;

    (B) Reimbursement for the reasonable costs incurred in the prosecution of the counterclaim; and

    (C) Any additional relief, which the Court deems to be just, proper, and equitable.

### Demand for Trial by Jury

Defendant-Counter-Plaintiff demands trial by jury on all issues within the counterclaim so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Defendants-Counter-Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391


/s/ Mark J. Berkowitz
Mark J. Berkowitz


## CERTICICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by the Court's electronic filing system, CM/ECF, on this 8th day of June, 2020, to Peter Bober, Bober & Bober, P.A., Attorneys for Plaintiffs, 2699 Sterling Road, Suite A-304, Hollywood, Florida 33312.


/s/Mark J. Berkowitz
Mark J. Berkowitz